**WO**                                                                                                          BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dushan Stephan Nickolich, II, ) | No. CV 05-2364-PHX-SMM (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dora Schriro, et al., ) | |
| Defendants. ) | |

Plaintiff Dushan Stephan Nickolich, II, a *pro se* inmate, has filed a Motion for Reconsideration, challenging the magistrate judge's order denying his Motion for Appointment of Counsel (Doc. #38). Plaintiff's motion will be denied.

Plaintiff filed a 42 U.S.C. § 1983 action against Dora Schriro, Dr. Pamela McCouley, Gene M. Greely, Sherry Goldsmith, and John Trezise, alleging deliberate indifference to his medical needs in regard to mental health treatment (Doc. #1). Plaintiff sought appointed counsel, which was denied (Docs. ##3, 5). Plaintiff again sought appointed counsel, attaching various psychological evaluations (Doc. #20). The magistrate judge denied the motion, determining that Plaintiff had sufficient access to the courts, that the pleadings in his case were clear, concise, and relevant, and that he did not show a likelihood of success (Doc. #24).

Approximately six months later, Plaintiff filed a third Motion for Appointment of Counsel (Doc. #31). Plaintiff argued that (1) the issues in his case were complex due to technical medical terms and documentation, (2) he is mentally disabled and unable to sufficiently comprehend certain legal complexities and terms, and (3) he has limited

knowledge of the law (Id.). Plaintiff further noted that he had obtained legal help from fellow inmates, which is against Arizona Department of Corrections policy (Id.). The magistrate judge again denied the motion, determining that the issues are not complex, and that Plaintiff's situation is not "exceptional" but common to *pro se* litigants (Doc. #37). The magistrate further found that Plaintiff did not demonstrate how his mental disability impaired his ability to proceed in the matter (Id.). The magistrate again concluded that Plaintiff was not entitled to appointed counsel (Id.). Plaintiff challenges that determination (Doc. #38).

A district judge may reconsider a magistrate judge's order denying a motion for appointment of counsel where "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331.

Plaintiff successfully filed an original Complaint, which was clear and concise (Doc. #1). Plaintiff then was mostly successful in defending against a Motion to Dismiss (Doc. #33). Plaintiff has now filed an Amended Complaint, which is also clear and concise (Doc. # 47). Plaintiff asserts that he has only been able to do this due to assistance from other inmates (Doc. #38). Plaintiff further asserts that his mental disability affects his ability to proceed *pro se*, attaching various psychological reports from his criminal case (Id.).

The magistrate judge did not clearly err in determining that Plaintiff has not presented "exceptional circumstances" requiring the appointment of counsel. Plaintiff has successfully pursued his action and the fact that he has assistance in doing this does not detract from his ability to find and enlist the aid of others. As found by the magistrate, Plaintiff's situation

1 is similar to most inmates who are proceeding in this Court. Accordingly, Plaintiff's Motion
2 for Reconsideration will be denied.

3     **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. #38) is **denied**.

4     DATED this 19th day of October, 2006.

Stephen M. McNamee
United States District Judge