**WO**                                                                                                              BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dushan Stephan Nickolich, II, | ) | No. CV 05-2364-PHX-SMM (JRI) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Dora Schriro, et al., | ) | |
| Defendants. | ) | |

Plaintiff Dushan Stephan Nickolich, II, a *pro se* inmate, has requested injunctive relief (Doc. #73). Plaintiff alleged that he is being housed in a private facility which lacks sufficient legal resources (Id.). As a result, his right to access the courts is being denied (Id.). Plaintiff requests a transfer (Id.). Defendants respond that Plaintiff failed to allege a risk of injury, Plaintiff's request is not related to his pending lawsuit, and Defendants have not violated Plaintiff's right to access the court (Doc. #76). Plaintiff replied that he faces the risk of having his Complaint dismissed if, at some unknown time in the future, he is unable to respond to a motion filed by Defendants (Doc. #78).

A request for injunctive relief requires that Plaintiff make a showing of "real or immediate threat" of injury. Hodgers-Durgin v. De La Vina 199 F.3d 1037, 1042 (9th Cir. 1999) (quoting City of Los Angeles v. Lyon, 461 U.S. 95, 111 (1983)). Plaintiff is entitled to preliminary injunctive relief only if he shows either: "'(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor. These two

formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 516-517 (9th Cir. 1993). Under either formulation of the test, the movant must demonstrate a significant threat of irreparable injury. AGCC v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).

Plaintiff has not demonstrated that he faces a significant threat of irreparable injury. Plaintiff's belief that he might, sometime in the future, be unable to respond to a motion, resulting in this Court dismissing his action, is insufficient. Plaintiff has not established that it is likely that as a result of his current placement his instant action will be dismissed.

In addition, Plaintiff also cannot demonstrate that Defendants have violated his right to access the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996) (providing that the right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court.); see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) (providing that "[t]he right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration"). Plaintiff was provided sufficient access in order to file his Complaint and defend motions.

**IT IS ORDERED** that Plaintiff's Motion for Injunction (Doc. #73) is **denied**.

DATED this 20st day of February, 2007.

_____
Stephen M. McNamee
United States District Judge

- 2 -