# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**Dushan Stephan Nickolich, II,**
Plaintiff
-vs-
**Dora B. Schriro, et al.,**
Defendants

CV-05-2364-PHX-SMM (JI)

**REPORT & RECOMMENDATION**
re Motion for Cause and Dismissal of
Unserved Defendant

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Tucson Arizona, filed a Motion for Cause on July 23, 2007 (#101) seeking to extend the time to effect service on Defendant McCauley. On July 27, 2007 Respondents filed their Response (#102), opposing the motion, and seeking dismissal of Defendant McCauley. Petitioner filed a Reply on August 2, 2007 (#105), opposing the dismissal.

The motion is now ripe for consideration, and is dispositive of Petitioner's claims against Defendant McCauley. Accordingly, the undersigned makes this Report & Recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(1), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

**Attempts to Serve Defendant McCauley** - Plaintiff commenced this action on August 8, 2005, by filing his Complaint (#1) pursuant to 42 U.S.C. § 1983, alleging various violations of his civil rights. On August 23, 2005, the Court entered it's screening and service Order directing service on, *inter alia*, "Mental Health Program Manager Pamela A. McCauley." (#5 at 2.) Service packets were provided to Plaintiff, who returned them

- 1 -

1   completed with a request for service on "Dr. Pamela A. McCouley" at "1601 W. Jefferson,
2   Phoenix, Arizona".  A service packet for Defendant McCauley was forwarded to the U.S.
3   Marshals Service on August 30, 2005.

4         On September 15, 2005, service on Defendant McCauley, as well as four other
5   defendants with the same address provided, were returned unexecuted with the indication that
6   mailed service has been returned marked "Return to Sender." (#6)  On September 28, 2005,
7   Plaintiff filed a "Motion for Assistance" (#11), seeking assistance with service.  That motion
8   was denied, noting that Plaintiff had no right to rely upon the U.S. Marshals Service to
9   provide investigative services.  (Order 10/5/05, #12.)

10        Plaintiff under took no further action to pursue service on Defendant McCauley, until
11  May 16, 2006, when he filed his Motion for Service Packets (#26).  That motion was stricken
12  for failure to include a caption and other identifying information.  (Order 5/26/6, #27.)

13        On July 24, 2006, Defendants' Motion to Dismiss (#17) was granted in part and
14  denied in part.  (Order #33.) On September 29, 2006, Plaintiff filed an Amended Complaint
15  (#47), again naming Defendant McCouley.  That filing was construed as a motion to amend,
16  and was denied.  (Order 10/16/06, #50.)

17        On October 27, 2006, Plaintiff filed a Motion for Service (#54) seeking assistance in
18  completing service on the unserved defendants, including Defendant McCauley. That motion
19  was granted, and defense counsel was ordered to provide the work location for Defendant
20  McCauley if still employed with the Arizona Department of Corrections, or if no longer so
21  employed, to provide her last known home addresses under seal.  (Order 12/15/06, #63.)
22  Defendants responded by filing notices asserting that Defendant McCauley was no longer
23  an ADOC employee, and providing the last known home address for her (#66, 67).  That
24  filing omitted the address, however, and an amended version (#70) with the address was
25  filed, under seal, on January 11, 2007.  The address provided was a post office box.

26        A service packet was forwarded to the U.S. Marshals Service, who returned the
27  summons on January 25, 2007,  with service unexecuted (#77).   The return included a
28  notation that mailing to the provided address was attempted, but was returned by the U.S.

Postal Service with the explanation that the address was invalid.

**Order to Show Cause** - Plaintiff made no further efforts to pursue service on Defendant McCauley, and on July 5, 2007, the undersigned magistrate judge ordered Plaintiff to show cause why Defendant McCauley should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m), for failure to effect timely service. Plaintiff responded to that order by filing the instant "Motion for Cause" on July 23, 2007 (#101).

### III. APPLICATION OF LAW TO FACTS

**Motion for Cause** - Plaintiff's motion argues that because the address for service was provided by defense counsel, and service attempted by the U.S. Marshals Service, the completion of service is not Plaintiff's responsibility. Plaintiff notes that because of his incarceration and indigent status, he has no ability to further pursue service. Plaintiff requests an order directing defense counsel to complete service on Defendant McCauley, and that she not be dismissed.

Defendants have responded (#102), opposing Plaintiff's assertion that the provision of an invalid address was "knowingly and willfully" done, and that the address provided was the last address known by ADOC. Defendants request that Defendant McCauley be dismissed.

Plaintiff has replied (#105), asking the court's assistance in locating and effecting service on Defendant McCauley.

**Delay in Service** - Federal Rule of Civil Procedure 4(m) states:

> (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . .

Rule 4(m), Federal Rules of Civil Procedure. Due to the delay inherent in the screening of prisoner complaints, Local Civil Rule 16.2(b)(2)(B)(I), provides an extension of the maximum date to effect service to the later of the date provided by "Rule 4 of the Federal

Rules of Civil Procedure, or sixty (60) days from filing of service order." Here the service order (#5) was entered 15 days after the filing of the Complaint (#1). Consequently, Plaintiff had 120 days from the filing of the Complaint, or until December 6, 2005, to complete service. Plaintiff has now had over two years since the filing of his complaint to effect service.

While Rule 4(m) authorizes the extension of the deadline for service "for an appropriate period," it requires that first "the plaintiff shows good cause for the failure" to effect timely service.

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991). Here, Plaintiff has made none of these showings.

The undersigned assumes, for purposes of this Report & Recommendation, that Plaintiff was diligent in his earlier attempts to serve Defendant McCauley. However, Plaintiff has done nothing to effect service since it was last returned unexecuted on January 25, 2007. There is no indication that Plaintiff has taken any steps to attempt to locate Defendant McCauley, e.g. by directing discovery requests to the appearing defendants, or by contacting the Arizona Board of Medical Examiners, or Arizona Board of Psychologist Examiners, or similar regulating agency, etc. Plaintiff did not even request assistance from the Court until after the order to show cause. Plaintiff offers no explanation, other than his incarceration and indigence, for his complete inaction during the intervening five and one half months. Those conditions did not keep Plaintiff from making any effort to complete service.

This is simple neglect, not excusable neglect. Accordingly , Plaintiff is not entitled to any further extension of the time to complete service, and Defendant McCauley should be dismissed. Thus, any assistance by the Court at this point, assuming it were permissible or warranted, would be futile.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for Cause, filed July 23, 2007 (#101) be **DENIED**.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Federal Rule of Civil Procedure 4(m) and Local Civil Rule 16.2(b)(2)(B)(I), Defendant McCauley be **DISMISSED WITHOUT PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: August 27, 2007

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\05-2364-101r RR 07 08 21 re MCause.wpd